UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROBERT DOYLE,

                        Plaintiff,

    -against-

JOHN G. ROBERTS, JR., in his capacity as Chief
Justice of the United States; and SAMUEL
ANTHONY ALITO, JR., STEPHEN G. BREYER,
RUTH BADER GINSBERG, ANTHONY M.
KENNEDY, ANTONIN SCALIA, SONIA
SOTOMAYOR, ELENA KAGAN,[1] and
CLARENCE THOMAS, each in their capacity as an
Associate Justice of the United States Supreme Court,

                        Defendants.
----------------------------------------------------------------x

ONLINE PUBLICATION ONLY

MEMORANDUM AND ORDER

10-CV-2278 (JG) (RLM)

A P P E A R A N C E S:

    Todd C. Bank
        119-40 Union Turnpike
        Fourth Floor
        Kew Gardens, New York 11415
        *Attorney for Plaintiff*

    LORETTA E. LYNCH
        United States Attorney
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, New York 11201
    By:    Gail A. Matthews
        *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Plaintiff Robert Doyle brought an action in state court in 1996 complaining of injuries he claimed to suffer from taking a certain medicine in 1989 and 1993. Eventually, Doyle and his attorney, Todd Bank, botched the case, which was dismissed by the state court in 2006

---

[1] Since this lawsuit was filed, Justice John Paul Stevens has retired from the bench and Justice Elena Kagan has been confirmed in his place. I therefore substitute Justice Kagan's name for that of Justice Stevens pursuant to Fed. R. Civ. P. 25(d).

after they failed to show up at a status conference.  *See Doyle v. Am. Home Prods. Corp.*, 286 A.D.2d 412 (N.Y. App. Div. 2001).

Two years later, Doyle, who during the pendency of the state case went to law school, made a federal case out of his dismissed state case, filing the same complaint in this district *pro se*.  *Doyle v. Am. Home Prods Corp.*, No. 06-CV-5392(ERK)(LB), Docket No. 1 (E.D.N.Y. Sept. 18, 2006).  Judge Edward R. Korman dismissed the action as untimely.  *Id.*, Docket No. 25 (March 31, 2008).  Enter Todd Bank again; he filed a notice of appearance on Doyle's behalf and moved for reconsideration, which Judge Korman denied.  *Id.*, Docket No. 34 (July 16, 2008).  Bank prosecuted Doyle's appeal to the Second Circuit, which affirmed.  *Doyle v. Am. Home Prods. Corp.*, 583 F.3d 167 (2d Cir. 2009).

Bank then filed a petition for a writ of certiorari in the Supreme Court of the United States.  The questions presented for review were stated as follows:

1. Whether the conferral by Congress, upon this Court, of the power to exercise unfettered discretion over the granting of *certiorari* is an un-Constitutional delegation of legislative power.

2. Whether Senior Judgeships at the District Court and Court of Appeals levels complies with Articles II and III of the United States Constitution.[2]

3. Whether the inclusion, on the panel of the United States Court of Appeals for the Second Circuit, of a Judge of the Court of International Trade, complies with Articles II and III of the United States Constitution.[3]

4. Whether the United States Court of Appeals for the Second Circuit abused its discretion in refusing to avail itself of New York procedure to certify, to the New York Court of Appeals, a question that was decisive of the issue before the Second Circuit and that

---

[2] Judge Korman is a Senior United States District Judge, and was at the time he dismissed Doyle's case.  The unsuccessful appeal from the dismissal was heard by a panel that included Circuit Judge Robert D. Sack, who took senior status shortly before the panel affirmed the dismissal.

[3] The appellate panel also included Judge Richard W. Goldberg, who was sitting by designation.  Judge Goldberg is a judge on the United States Court of International Trade.

     the Second Circuit acknowledged to be "a question that is not clearly answered in New York caselaw."

  5.  Whether the United States Court of Appeals for the Second Circuit, to the extent that it based its ruling on the "purpose" of a statute rather than its text, violated Petitioner's Fifth Amendment due-process right to know the law.

  6.  Whether the United States Court of Appeals for the Second Circuit correctly held that a prior action between the parties had been dismissed "for neglect to prosecute," and that the District Court action was therefore not protected by New York's six-month savings provision, *i.e.*, Section 205(a) of the New York Civil Practice Law and Rules (CPLR), based on the finding of the Court of Appeals that the state court could have, based on the record in that case, dismissed that action for "neglect to prosecute," even though the state court had not, in fact, done so.

*Doyle v. Am. Home Prods. Corp.*, 2009 WL 5874415, at *i-ii (Dec. 23, 2009) (Petition for Writ of Certiorari). The Supreme Court denied the petition. *Doyle v. Am. Home Prods. Corp.*, 130 S. Ct. 2099 (2010).

  Bank and Doyle then decided to make a second federal case out of the ill-fated claim originally filed 15 years ago in state court, so they filed this lawsuit. It names as defendants the nine justices of the Supreme Court of the United States, and claims that any congressional grant of discretion to them to determine whether to issue writs of certiorari pursuant to 28 U.S.C. § 1254 constitutes an unconstitutional delegation of legislative power. Doyle seeks a declaration to that effect and a writ of mandamus directing the justices to reverse course and grant the petition for certiorari review of the Second Circuit's affirmance of Judge Korman's dismissal of Doyle's case.

  The justices have moved to dismiss the case, and their motion is granted. Assuming several dubious things, including my authority to "mandamus" the justices (I probably don't have it, but it's fun to assume), Doyle's claim is dismissed on the merits. At its core is the

misguided assertion that because Article III courts may exercise only "judicial power," which is limited to the adjudication of cases and controversies, they lack authority to decide "*whether* to exercise judicial power," and thus the discretionary review the Supreme Court exercises under § 1254 is unconstitutional.  Opp. at 13 (emphasis in original).  But Doyle's crabbed view of the scope of Article III power would forbid a broad array of nonadjudicatory activities undertaken by the judicial branch and entities within it, including the establishment and conduct of circuit councils, the promulgation of the Sentencing Guidelines, and perhaps even the workings of the Judicial Conference of the United States, by which the Third Branch is administered.

The Supreme Court's "approach to other nonadjudicatory activities that Congress has vested either in federal courts or in auxiliary bodies within the Judicial Branch has been identical to [its] approach to judicial rulemaking: consistent with the separation of powers, Congress may delegate to the Judicial Branch nonadjudicatory functions that do not trench upon the prerogatives of another Branch and that are appropriate to the central mission of the Judiciary."  *Mistretta v. United States*, 488 U.S. 361, 388 (1989).  Few things are more appropriate to the central mission of the judiciary than the high court's ability under § 1254(1) to manage its caseload by selecting from among more than 10,000 petitions each year the cases in which Supreme Court review will most assist not only the parties but also the lower federal courts, the coordinate branches of government, and the public at large.  This discretionary authority does not "trench upon" the prerogatives of the other branches, which is no doubt why Congress in 1988 finally eliminated virtually all of what remained of the Court's mandatory jurisdiction.  *See* Act of June 27, 1988, Pub. L. No. 100-352, 102 Stat. 662.

## CONCLUSION

The case is dismissed.

So ordered.

John Gleeson, U.S.D.J.

Dated: May 4, 2011
      Brooklyn, New York